IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JUSTIN BLACK** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-02314 |
| | § | **JURY DEMANDED** |
| **ENSCO International Incorporated** | § | |
| *Defendant*. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE KENNETH HOYT:

COME NOW, Plaintiff, Justin Black ("Plaintiff"), and Defendant Ensco International Incorporated ("Defendant"), and file their Joint Discovery/Case Management Plan under Rule 26(f) of the Federal Rules of Civil Procedure.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The parties conferred on October 11, 2016, for the purpose of discussing this Joint Discovery/Case Management Plan, with the following counsel participating: Darren A. Patin of Pandit Law, LLC for Plaintiff and W. Jackson Wisdom and Diana Pérez Gomez of Martin, Disiere, Jefferson & Wisdom, L.L.P. for Defendant.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   This is an employment dispute.

   Plaintiff is a former employee who alleges that Defendant discriminated against him on the basis of his age and alleged disability. Plaintiff is also making a claim under the FMLA because Defendant did not return Plaintiff to the same or a nearly identical job.

Defendant denies all allegations asserted by Plaintiff against it. Defendant denies that Plaintiff was subject to discrimination in violation of the Age Discrimination in Employment Act and/or the Americans with Disabilities Act. Defendant contends it did not violate the Family and Medical Leave Act. Defendant incorporates by reference as set forth fully herein, the defenses asserted in its Answer and any subsequently filed Answers.

4. **Specify the allegation of federal jurisdiction.**

   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

5. **Name the parties who disagree and the reasons.**

   The parties agree that jurisdiction in this court is proper.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   The parties do not anticipate adding additional parties at this time.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties agree to make their initial disclosures under Rule 26(a) no later than November 2, 2016.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f), including any agreements and disputes concerning electronic discovery;**

       26(f)(3)(A):   The parties agree to make their initial disclosures under Rule 26(a) no later than November 2, 2016.

       26(f)(3)(B):   Discovery is needed regarding Plaintiff's alleged discrimination claims as well as Plaintiff's alleged damages, Defendant's defenses and related

matters. Discovery should be completed by June 28, 2017. Discovery does not need to be conducted in phases or be limited to or focused on particular issues.

26(f)(3)(C): The parties are not currently aware of any issues relating to disclosure or discovery of electronically stored information.

26(f)(3)(D): The parties are not currently aware of any issues relating to claims of privilege or protection as trial-preparation material. If a protective order is required for the exchange of sensitive information in discovery, the parties will attempt to agree on the terms of an appropriate protective order. If they are unable to agree, the matter will be submitted to the Court for resolution.

26(f)(3)(E): The parties agree that depositions upon written questions do not count against the parties' 10-deposition limitation set forth in FRCP 30(a)(2). The parties do not contemplate any other changes to the limitations on discovery imposed by the rules unless mutually agreed by the parties or ordered by the Court.

26(f)(3)(F): The parties are not aware at this time of any other orders that should be entered by the Court under Federal Rules of Civil Procedure 26(c), 16(b), or 16(c).

**B.    When and to whom the plaintiff anticipates it may send interrogatories;**

Plaintiff anticipates sending interrogatories to Defendant no later than November 30, 2016.

**C.    When and to whom the defendant anticipates it may send interrogatories;**

Defendant anticipates sending interrogatories to Plaintiff no later than 90 days after the receipt of Plaintiff's initial disclosures.

**D.    Of whom and by when the plaintiff anticipates taking oral depositions;**

Plaintiff anticipates taking the depositions of defendant employees, Christopher Johnson, Richard Fuller, Jeremiah (LNU), Joe Fry, and Cory Edwards, by March 31, 2017 as well as other fact witnesses identified through the discovery process within 90 days of receiving Plaintiff's substantive answers to interrogatories and document requests as required under the Federal Rules of Civil Procedure, subject to the availability of all counsel and the witnesses.

**E.    Of whom and by when the defendant anticipates taking oral depositions;**

Defendant anticipates taking the depositions of all persons who have knowledge of relevant facts, including but not limited to Plaintiff and other fact witnesses identified through the discovery process within 90 days of receiving Plaintiff's

substantive answers to interrogatories and document requests as required under the Federal Rules of Civil Procedure, subject to the availability of all counsel and the witnesses.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff anticipates being able to designate experts and provide their reports no later than February 28, 2017.

Defendant will be able to designate responsive experts thirty-five (35) days after Plaintiff designates his experts. Defendant's experts will be able to provide expert reports thirty-five (35) days after Plaintiff's experts provide their reports.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiff will depose Defendant's testifying experts, as well as consulting experts upon whom Defendant's testifying experts rely, no later than by the close of discovery subject to the availability of all counsel and the witnesses.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Defendants will depose Plaintiff's testifying experts, as well as consulting experts upon whom Plaintiff's testifying experts rely, no later than by the close of discovery subject to the availability of all counsel and the witnesses.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree to this discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

The parties anticipate being able to complete discovery by June 28, 2017.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    Plaintiff and Defendant are in the process of assessing whether a prompt resolution of the case is possible. Plaintiff and Defendant will continue their discussions.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have had a brief conversation about resolution.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The parties have agreed that mediation is the most appropriate alternative dispute resolution technique if the case is not otherwise resolved.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties are not all agreeable to trying this case before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    A timely jury demand has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties believe that, should the case proceed to trial, presentation of the evidence in this matter will take approximately 20-28 hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    None of which the parties are aware at this time.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Plaintiff Justin Black filed its Certificate of Interested Parties on October 13, 2016. [Docket No. 7].

    Defendant Ensco filed its Certificate of Interested Parties on September 30, 2016. [Docket No. 6]. Defendant Ensco filed its Rule 7.1 Corporate Disclosure Statement on September 30, 2016. [Docket No. 5].

24. **List the names, bar number, addresses and telephone number of all counsel.**

Attorney in Charge for Plaintiff:

Darren A. Patin
U.S.D.C. S.D. Texas Bar No. 680639
LA State Bar No. 23244
dpatin@panditlaw.com
Pandit Law, LLC
701 Poydras Street, Suite 3950
New Orleans, LA  70139
Telephone:     (504) 313-3800
Facsimile:     (504) 313-3820


Attorney in Charge for Defendant:
W. Jackson Wisdom
State Bar No. 21804025
Federal ID No. 13756
wisdom@mdjwlaw.com
Martin, Disiere, Jefferson, & Wisdom, LLP
808 Travis, 20th Floor
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101

Of Counsel:
Diana Pérez Gomez
State Bar No. 24041674
Fed ID No. 606231
Evan C. Blankenau
State Bar No. 24092142
Federal ID No. 2507901
Martin, Disiere, Jefferson, & Wisdom, LLP

808 Travis, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
E-mail: gomez@mdjwlaw.com
E-mail: blankenau@mdjwlaw.com


_/s/ Darren A. Patin with permission_____     __October 14, 2016_____
Counsel for Plaintiff Justin Black                  Date


__/s/ W. Jackson Wisdom_____      __October 14, 2016_____
Counsel for Defendant Ensco                         Date
International Incorporated


## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October 2016, a copy of the foregoing has been served upon all counsel of record in this action by Southern District of Texas' ECF Filing.


*/s/ W. Jackson Wisdom*
W. Jackson Wisdom